[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Plaintiff Michael Kozlowski, in his capacity as commissioner of the department of motor vehicles, appeals the decision of the defendant freedom of information commission ordering the disclosure of certain records to defendant Jesus Malave. The defendant commission acted pursuant to General Statutes §1-21i. The plaintiff appeals pursuant to § 4-183. The court finds the issues in favor of the plaintiff.
The facts essential to the court's decision are not in dispute and are fully reflected in the record. Defendant Malave requested that the department of motor vehicles allow him to inspect the department's records of work permit applications submitted to the department during 1993 and 1994 by motorists whose operator's licenses had been suspended or revoked. The department responded by stating that it would be willing to allow such inspection but that Malave would have to pay the cost of conducting a special search of the records of suspended motorists and the deletion of those motorists' names and addresses. The department asserted that a special search would be required, as opposed to a routine computer run of suspensions and revocations, because there is no computerized index of work permit applications. The department asserted that the motorists names and addresses would have to be deleted because that information is privileged under the provisions of General Statutes §14-10(c). Defendant Malave objected to the cost and filed a complaint with the defendant commission. CT Page 7392
Following a hearing, the commission rendered its final decision. The commission determined that the records in question are public records, subject to disclosure pursuant to the freedom of information statutes. The commission further found, however, that General Statutes § 14-10(c) prohibits disclosure of the names and addresses of the motorists who had applied for the work permits. Finally, the commission determined that the department of motor vehicles was not entitled to charge a fee for searching its records and redacting the nondisclosable information. Accordingly, the commission ordered the department to provide Malave the opportunity to inspect the records of applications for work permits, after first deleting the names and addresses of the applicants, free of charge. It is that order which is the subject of this appeal.
The plaintiff, in behalf of the department of motor vehicles, advances two arguments in support of the appeal. First, the plaintiff contends that § 14-10(c) unconditionally prohibits disclosure of the records in question and that the commission's determination to the contrary was an error of law. Secondly, in the alternative, the plaintiff contends that if it is required to disclose the records in accordance with the commission's order, the records must be redacted to remove any facts identifying the individual motorists and the department must be permitted to charge a special fee for searching and redacting the records.
Section 14-10(c) provides, in pertinent part, as follows:
 The commissioner shall not disclose operator license information or driver history or permit the inspection or copying of any record containing such information or history, except at the request of . . . any person or entity who supplies the name and correct address of the operator about whom he seeks such information or history.
The arguments presented by the plaintiff in its brief to the court reflect its persistent ambivalence on the issue whether or to what extent he requested information is disclosable under the provisions of § 14-10(c). A review of the whole record in the case shows that the plaintiff has never taken the position that the work permit information may not be disclosed under any circumstances. For example, in its brief to the commission in support of its motion for reconsideration, filed after the commission's final decision, the department continued to maintain CT Page 7393 the position that it would be willing to provide the information in a redacted form at cost, even though "the DMV did not and still does not believe that disclosure of the work permit applications is permitted." See Record Item #16, page 3. The fact that the department has consistently maintained that the recordsare disclosable under certain circumstances belies its current argument that it interprets § 14-10 as prohibiting disclosure under any circumstances. The court concludes that it is not required to accord any special deference to this argument. The court concludes, further, that the argument may not be sustained.
The plain purpose of the restrictions in § 14-10 on dissemination of information relating to individual motorists is to protect the privacy of those motorists. The department does not suggest any reason, however, for keeping secret information that has been sanitized by removing identifying facts such as names and addresses. Indeed, such sanitized information could be the source of important statistics, useful for a variety of legitimate purposes, without harming any of the interests protected by the statute. These considerations lead the court to conclude that the department's current argument that the disclosure of even the sanitized information is prohibited by § 14-10 may not be sustained.
The department's second argument, however, is more compelling and persuades the court that the case must be remanded for further proceedings. As indicated, the plaintiff department argues that it should be entitled to charge the complainant for the cost of rendering the information into a format that complies with the law.
It is undisputed that Malave could not supply the names and addresses of those motorists whose applications for work permits he wished to inspect. It is also undisputed that the information Malave wanted was contained in the individual files of the motorists. Therefore, even if disclosure of the limited information requested by Malave was not prohibited by §14-10(c), in order to comply with the request without violating the plain mandate of the statute, the plaintiff would have to ensure that prohibited information — the names and addresses of the motorists — would not be disclosed. In order to accomplish this objective, the department contended at the hearing and the commission found that the department would have to copy the records, redact the prohibited names and addresses, and only then allow Malave to inspect the redacted CT Page 7394 copies for the information he desired. Thus, under the unique circumstances of this case, compliance with the complainant's request to inspect records necessarily required the department to make copies of those records.
The state's freedom of information statutes do not require public agencies to shoulder all the costs of providing required information. General Statutes § 1-15 establishes fees for providing copies of public records that are required to be disclosed by those statutes. In addition, General Statutes §14-50a establishes fees for providing copies of records of the department of motor vehicles and other related services.
Since complainant Malave's request to inspect public records in this case required the department to make copies of those records in order to comply with the law, the department was entitled to charge Malave any fees that applicable statutes permit. Of course, Malave would be entitled to keep the copies for his own use. The commission's decision prohibiting the department from charging any fees for the services it was required to provide in this case was an error of law.
In accordance with General Statutes § 4-183(j), the department's appeal is sustained. In accordance with § 4-183
(k), the case is remanded to the commission. The commission is ordered to render a new decision determining the appropriate fee to be charged for services provided by the department in complying with Malave's request. The commission may render such decision on the basis of the present record or it may reopen the hearing to accept additional evidence on the issue if it deems such evidence to be necessary.
MALONEY, J.